UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
1-800-GOT-JUNK? COMMERCIAL SERVICES (USA) LLC,

        Plaintiff,

- against -

EAST COAST MOVING & STORAGE INC.,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Case No.

**COMPLAINT**

**JURY DEMANDED**

Plaintiff, 1-800-GOT-JUNK? COMMERCIAL SERVICES (USA) LLC, by its attorneys, Klapper & Fass, complaining of defendant, EAST COAST MOVING & STORAGE INC., alleges as follows:

## JURISDICTION AND VENUE

1.    This Court has jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. 1332, in that plaintiff is a citizen of and has its principal place of business in a state which is different from the state in which defendant is a citizen. The amount in controversy exceeds Seventy Five Thousand ($75,000.00) Dollars, exclusive of interest.

2.    Venue is proper in this district pursuant to 28 U.S.C. § 1391 (a)(1) in that the defendant resides in this district.

## THE PARTIES

3.    Plaintiff is a Delaware limited liability company and a citizen of the State of Delaware with its principal place of business located at 301-887 Great Northern Way, Vancouver, BC, Canada V5T 4T5. Plaintiff is in the business of removing, recycling and disposing of non-hazardous residential and commercial items and material that is no-longer needed, used or required

by the person seeking to dispose of such items and material and which is commonly referred to as "Junk".

4. The sole member of Plaintiff is: 1-800-GOT-JUNK? LLC, a Delaware limited liability company and a citizen of the State of Delaware with its principal place of business located at 301-887 Great Northern Way, Vancouver, BC, Canada V5T 4T5.

5. The sole member of 1-800-GOT-JUNK? LLC is RBDS Rubbish Boys Disposal Service Inc., a Canadian corporation, formed under the laws of British Columbia.

6. Defendant, EAST COAST MOVING & STORAGE INC. ("Defendant") is a New York corporation and citizen of the State of New York with its principal place of business located at 855-C , Farmingdale, New York 11735.

7. At all times relevant hereto, Defendant was engaged in the business of construction general contracting.

8. Plaintiff and its constituent members are all citizens of a state different from Defendant.

**COUNT ONE**

9. On or about June 22, 2016, the parties entered into an Agreement (the "Agreement"), whereby Defendant established a "national account" with Plaintiff.

10. The Agreement contemplated that from time to time, Defendant would order the services of Plaintiff at an agreed upon rate in order to remove Junk from sites at which Defendant was engaged in general contracting work.

11. The Agreement further contemplated that the actual removal of the Junk would be performed by authorized franchisees of Plaintiff.

12. In connection with the Agreement, Defendant executed a Direct Billing Form and Credit Application (the "Credit Application") with Plaintiff so as to establish a line of credit with Plaintiff and thereby facilitate the billing and invoicing of orders placed by Defendant.

13. Pursuant to the Credit Application, payment of invoices not made within thirty (30) days of the due date, would be subject to a late payment charge of the greater of 2% per month or the maximum rate permitted by law.

14. Pursuant to the Agreement, from the period between in or about August 2016 and October 2016, Defendant placed orders with Plaintiff to pick up Junk from various locations in New York.

15. Pursuant to the Agreement, each of these orders was fulfilled and Junk was removed by one of Plaintiff's franchisees.

16. Pursuant to the Agreement, for each order placed by Defendant and fulfilled an Invoice was generated by Plaintiff, setting forth an amount based upon the volume of Junk collected plus applicable sales tax, and sent to Defendant.

17. For the period between in or about August 2016 and October 2016, Plaintiff sent Invoices to Defendant totaling the sum of $118,045.50.

18. Defendant received each said Invoice.

19. Defendant acknowledged and admitted the said amount to be due and owing to Plaintiff.

20. Despite demand, Defendant failed and refused to pay such amount.

21. Plaintiff performed all of the obligations it was required to perform under the Agreement.

22. By reason of the foregoing, plaintiff has been damaged in the amount of $118,045.50 plus interest at the rate of 2% per month from December 22, 2016.

## COUNT TWO

23. Plaintiff repeats and re-alleges paragraphs 8 through 20, inclusive, as though more fully set forth herein at length.

24. Prior hereto, accounts were stated between Plaintiff and Defendant for the said Invoices and upon the account stated it was found that there was due to Plaintiff from Defendant the sum of $118,045.50.

25. Defendant did not object to said Invoices and the sum stated remains unpaid, although the same has been demanded.

26. By reason of the foregoing, plaintiff has been damaged in the amount of $118,045.50 plus interest at the rate of 2% per month from December 22, 2016.

## COUNT THREE

27. Plaintiff repeats and re-alleges paragraphs 8 through 20, inclusive, as though more fully set forth herein at length.

28. Defendant having received the services of Plaintiff has been unjustly enriched by its failure and refusal to pay for such services.

29. The reasonable value of such services is $118,045.50.

30. By reason of the foregoing, plaintiff has been damaged in the amount of $118,045.50 plus interest at the rate of 2% per month from December 22, 2016.

**WHEREFORE**, Plaintiff demands Judgment against Defendant as follows:

1. On Count One in the amount of $118,045.50 plus interest at the rate of 2%

per month from December 22, 2016;

  2. On Count Two in the amount of $118,045.50 plus interest at the rate of 2% per month from December 22, 2016;

  3. On Count Three in the amount of $118,045.50 plus interest at the rate of 2% per month from December 22, 2016;

  4. Reasonable attorneys' fees; and

  5. Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues in this action, triable by jury.

Dated: White Plains, New York
   October 3, 2017

         KLAPPER & FASS
         Attorneys for Plaintiff

         By: _____
          Daniel A. Fass (DF8771)

         170 Hamilton Avenue
         White Plains, New York 10601
         (914) 287-6466